## HATFIELD *v.* GRIFFITH.

1. BILLS AND NOTES. *Evidence.* *Question for jury.* Where the words, "Ints at 12½ pr cent," are at the lower left hand corner of a promissory note, opposite the signature, and after a full stop in the body of the note and in parenthesis, it is a question of fact for the jury to determine whether they are a part of the note; and if not submitted to the jury, the words being treated as nugatory, the question cannot be made in the Supreme Court.

2. SUPREME COURT. *Will not reverse.* *When.* The Supreme Court will not reverse because the court below charged upon a question not raised by the proof, unless it appears that the jury were misled by it.

### FROM SCOTT.

Appeal in error from the Circuit Court of Scott county.    WM. CULLOM, Sp. J.

HENDERSON & JOUROLMAN for Hatfield

GIBSON for Griffith.

McFARLAND, J., delivered the opinion of the court.

Griffith commenced this suit before a justice of the peace against the executor of M. B. Strunk, J. C. Parker and J. F. Hatfield, upon a note described in the warrant, and for other causes not necessary to mention.    Hatfield appealed from the justice's judgment, and filed his plea of *non est factum,* upon which the cause was tried in the Circuit Court, again resulting in judgment for the plaintiff.    Hatfield took a

bill of exceptions, and appeals in error. The note, which was the only evidence of indebtedness offered, is as follows, to-wit:

"One day after date we, or either of us, promise to pay Louis Griffith one hundred and fifty-five dollars for value received of him. This the 26th day of October, 1874.

(Ints at 12½ pr cent.)          M. B. Strunk,
                                J. C. Parker,
                                J. F. Hatfield."

The argument for the plaintiff in error is, that the note is illegal upon its face, and the Circuit Judge should have instructed the jury that no recovery could be had upon it. This is the well-settled law in this State, where the illegality appears upon the face of the contract sued upon,—as where the note stipulates for an illegal rate of interest. The question as to the illegality of this note depends upon whether the words (Ints at 12½ pr cent) constitute part of the contract. These words, as will be seen, are at the lower left hand corner of the note opposite the first signature, and come after a full stop in the body of the note, and are embraced in parenthesis.

In the case of *Gift* v. *Hall,* 1 Hum., 480, the note was in the form of the present note, with the words (Brandon money) occupying the position that the words (Ints at 12½ pr cent) occupy on the present note. An action of debt was brought, the defendant craved oyer, and, setting out the note, demurred upon the ground that the note was payable in Brandon money, and debt would not lie. The demurrer was overruled and judgment rendered for the

plaintiff. Upon appeal, the judgment was affirmed, the court intimating that debt would lie even though the words "Brandon money" were part of the contract; but further, Judge Turley says, whether these words were part of the contract depends upon the fact whether they were introduced at the time of making it or subsequent. This, he said, could not be determined upon demurrer, but the question should have been put in issue and submitted to the jury.

In the present case the warrant, in describing the note sued upon, omits any reference to the words alluded to, but specifically sues for six per cent interest on the note. When the note was read no objection was made on this ground, no allusion is made to the question in the charge of the court, nor does the question appear to have been made in any mode in the Circuit Court. We do not hold that the failure of the defendant to object to the reading of the note would preclude him from afterwards making the question as to its illegality; but, upon the authority of the case above referred to, we hold that the question whether the words referred to constituted a part of the contract, was a question of fact which should have been made and submitted to the jury. Having failed to do this, and having treated the words as nugatory and not a part of the contract, the question cannot be made in this court. Had the objection been made below, it might have been obviated by showing that the words were subsequently added; and further, we might take it that, as the action was brought for six per cent and the judgment

so rendered, the jury found that the words referred to were not part of the contract.

The next error assigned is, as to the charge of the court as to what is necessary to constitute an adoption or ratification of a note, which the party has not in the first instance executed. The language is, "or if the same was signed without his knowledge or consent, and defendant afterwards adopted or acknowledged the note to be his act and deed, it would in that event bind defendant." And again: "Did the defendant sign the paper sued on, or did he authorize any person else to do so for him? if not, did he subsequently acknowledge, adopt or admit the same to be his act? if so, the plaintiff would be entitled to a verdict." There is testimony in the record of conversations or admissions of the defendant tending to show that he either executed or authorized the execution of the note in his name in the first instance, but there is no testimony tending to show any act of ratification or redelivery of the note by the defendant, such as would bind him, thereby conceding that he did not execute it in the first instance. The charge of the court, therefore, as applied to this state of the proof, it is argued with much plausibility, was calculated to lead the jury to understand that if, in their opinion, the defendant had not executed the note in the first instance, the acknowledgments and admissions proven might be looked to as evidence of a subsequent adoption or ratification of the act; and further, it is argued that the charge itself, as above set forth, is not an accurate statement of the law.

But we hold that, as there was no evidence on this question, the charge was an abstraction that could not well have misled the jury. We cannot suppose that they founded their verdict upon this view of the matter without evidence; we must presume, rather, that they regarded the testimony in its legitimate light— that is, as bearing upon the question of the defendant's execution of the note in the first instance—and their verdict, upon this theory, is sufficiently supported by the evidence. We do not say that we would not reverse where the charge is upon a state of facts not in the record if we could see that the jury were probably misled by it, but, in general, it will not do to reverse because the court has charged upon a question not raised by the proof.

Let the judgment be affirmed.

### ON PETITION TO REHEAR.

COOPER, J., delivered the opinion of the court.

The point of the petition for rehearing is, that the fact that the plaintiff below read to the jury the note with the words in brackets, and said that it was the note given to him when he let the party have the money, conclusively shows that these words were a part of the note, and, therefore, it is argued, the note must be treated as illegal upon its face, or, at least, that a verdict to the contrary is without evidence to sustain it. But both parties having treated the words in brackets, although read to the jury, as no part of the contract on the trial below, the decision, in the

opinion delivered, is that the objection could not be made for the first time in this court. It is begging the question to say that certain testimony is conclusive of a point never made, and, of course, not in issue. What might have been shown if the point had been made, we do not know. And it cannot be said that there was no evidence to sustain the verdict, upon the supposition that the jury actually passed upon the point, for the body of the note only required legal interest, and the failure of the defendant to insist that the words in brackets were a part of the contract, was the very best evidence that they were not, and left the body of the note as the only evidence to be looked to.

Petition dismissed.